Cox, J.
The plaintiff filed a petition in the court of common pleas, ■September 1, 1888, against Westmeier and wife and sundry persons, claiming judgment liens against Westmeier, to foreclose a mortgage on his real estate on Jefferson avenue, Cincinnati, given by Westmeier and wife (his wife releasing dower) to'secure a promissory note for two thousand dollars, with six per cent, interest. Mortgage and note dated August 20, 1885. The defendants filed answers setting up various judgments obtained against Westmeier subsequent to the recording of the mortgage, and ask that the premises be sold and proceeds applied to the payment of their claims.
*297 J. H. Westmeier filed his answer, admitting claim of plaintiff, and consenting to a sale.
October 10, 1888. — Agnes Westmeier, wife of John H., answers, claiming that she is the wife, aged 42 years, and is entitled to dower, and homestead in the premises, and also alimony; that on the 3rd of July, 1888, she filed a petition in the Court of Common Pleas of Hamilton County for alimony, and an injunction was issued restraining defendant from encumbering his property, and requiring him to pay her as alimony pendente Lite $35 per month, out of the rents of said property.
November 7,1888. — A decree for sale of premises was rendered, reserving all questions as to liens and priorities.
November 16. — The answer of I. Sandheger was filed by leave, setting up a judgment lien for $82.94 and costs, from September 20, 1888, with interest.
A receiver was appointed to take possession and collect rents.
The property was sold by the sheriff January 26, 1889, free of the leasehold suit of Wm. Volz for $3,130, and on the 9th of February the sale was confirmed, the costs ordered to be paid out of the fund, and the case passed for further distribution.
On February 15, John R. Vou Seggern, the purchaser at sheriff’s sale, and the City of Cincinnati, were made parties on their representation that they were interested, and leave was given them to file their answer. Thereupon, the city filed her answer and cross-petition February 16, 1889, setting up that on the 16th of December, 1887, an ordinance was passed by the proper authority of said city to improve j efiferson avenue (on which this property fronts); that it was accordingly improved, and the costs and expenses assessed on the property bounding and-abutting on said avenue by an ordinance duly passed December 26, 1888; that Westmeier was then the owner, and the assessment, if paid in cash within twenty days after the passage of the ordinance, would have been $316.11; but the same was not then paid, and under the terms of said assessing ordinance, it became payable in ten annual installments, with interest thereon, bonds having been is-ued therefor; and that the assessment on said lot, with interest, under the ordinance amounts to $403.04, and that said assess *298 ment is the first and best lien on said property. Wherefore the city prays that said claim be first paid out of the proceeds of sale.
March 20, 1889. — Final decree of distribution was made, on which the court finds that after payment of the costs there is in the hands of the sheriff $2,970.06, and orders its distribution as follows:
First. — The taxes and penalty for the year 1888.
Second. — To the City of Cincinnati $403.04, the amount now owing to it for improvement of Jefferson street, which is the second lien.
Third. — To the Moerlein Brewing Co., on their mortgage, $2,432.9, as the third lien.
Fourth. — To Agnes Westmeier, $3.76, which the court finds to be the value of her contingent right of dower and fourth lien.
Fifth. — The balance to Wm. H. Jones, assignee of judgment of John A. Caldwell, which is found as fifth lien.
From this decree Westmeier and wife gave notice of appeal, but did not perfect it by filing a bond. Wm. H. Jones gave notice of appeal generally, and also from so much of said decree as orders the payment to the City of Cincinnati. Bond fixed at $500, which was given. Stoffer and Julg also gave general notice of appeal; bond fixed at $500, which they gave March 28, 1889.
The first question raised is, what is brought up by the appeal of W. H. Jones and Stoffer and Julg ?
Second. — Is the assessment of the City of Cincinnati for street improvement a lien, on the fund, or must the purchaser at sheriff’s sale take the property subject to it?
Third. — If it be a lien on the fund, for what amount is it a lien, and how may the court direct it to be paid?
Fourth. — Is Agnes, wife of John Westmeier, entitled to alimony or a homestead in the premises?
Fifth. — Is she entitled to dower out of the fund; and if so, how much ?
As to thej^rsi question, we are of the opinion that the appeal brings up the whole case, although in one part of the notice W. H. Jones specifies that he appeals only from that *299 part of the decree giving the assessment fund to the city, yet on the other it is a general notice of appeal, and if there be any doubt as to him, there can be none as to Stoffer and Julg, for they gave notice of appeal without any qualification.
Second. — As to the payment of the assessment for that improvement :
It is claimed on the part of the judgment creditors that to the purchaser at sheriff’s sale, caveat emptor applies, and that there is no provision of the statute which will allow this to be paid from the fund. That the city was not a party to the case, and that the assessment is in the nature of a tax which under sec. 2854, Rev. Stat., could only be taken from the fund when the tax was ascertained and placed on the duplicate. It is true the city was not a party at the inception of the case, but after the property was sold, and while the fund was in the control of the court, it was given leave to be made a party to set up its lien. This is well settled in Porter v. Barclay, 18 Ohio St. Rep., p. 547, and is in accordance with the practice of our courts for many years. Is this assessment a lien on the property? It is true, if not paid, it may be put on the general tax duplicate, and collected as other taxes, but whether put on the tax duplicate or not, it is a lien, and is made so “/rom the date of the assessment” by sec. 2285, Rev. _Stat., and the amount is then ascertained.
This statute was recognized and sustained by the Supreme Court in the following cases: 24 Ohio St. 628; 27 Ib. 416; 31 Ib. 371 and 652. In the district court of this county, in Clifton v. The City, 3 Law Bulletin, 272, 'it was held to be alien paramount to a mortgage for the purchase-money. Being a lien, therefore, paramount to that of any other party in the suit, it was entirely proper for the court to permit the city to be made a party, even after sale and confirmation, and to distribute to it the assessment out of the fund, as being a lien on the property from which it was derived.
The assessment not having been paid at the time specified in the ordinance, was by its terms then payable in yearly installments running for ten years, and the city could issue bonds for that amount. The amount of this assessment was $316.11, for which the city issued bonds *300 running ten years, with annual interest. The court below decreed to the city $403.00 as the amount owing at the time of the decree.
Von Seggern, Phares & Dewald, for plaintiff in error.
J. R. Von Seggern, Dustin & Pugh, and W. H. Jones, for defendant in error.
We think the true rule should be, to give to the city what would be the present value of an indebtedness payable in annual installments, with interest, for ten years. Or,, if the property-holder preferred, to give that amount to him from the fund, leaving the lien on the land to be satisfied as the annual payments became due.
The claim of Agnes for a homestead is not allowed, inasmuch as it is not claimed that at the time of the distribution she and her husband were occupying the premises as a homestead, but they were in fact occupying a different place, and living separately from each other.
As to her contingent right of dower, that is to be ascertained in the entire proceeds from tables of mortality, aided by evidence respecting the state of health and constitutional vigor of the husband and wife respectively and the husband’s interest therein exhausted to pay the debt secured by the mortgage they have executed, before resorting to the interest of the wife. The release in such mortgage of the contingent right of dower does not enure to the benefit of the husband’s subsequent judgment creditors, and, as against them, the ascertained value of the contingent right of dower in the entire proceeds of the sale will be paid to her out of the balance left after the taxes for 1888, and assessment and mortgage debt is paid, before any part thereof will be distributed to the subsequent judgment creditors, as laid down by the Supreme Court in Mandel v. McClave, 22 Law Bulletin, 267, to be reported in 46 Ohio State Reports.
The fund will be distributed: 1st. Costs and taxes on general duplicate for 1888. • 2nd. Assessment for street improvement. 3rd. The mortgage debt. 4th. The wife’s contingent right of dower. 5th. Judgment liens in order of priority.